IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00920-BNB

KENT W. BAMESBERGER,

    Applicant,

v.

TERRY MAKETA,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Kent W. Bamesberger, is an inmate at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Bamesberger has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the computation of his Colorado state sentence by the Colorado Department of Corrections ("DOC"). On April 9, 2012, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies if Respondent intends to raise either or both of those defenses in this action. Magistrate Judge Boland also directed Respondent to advise the Court who the proper Respondent is and move for substitution of party if Respondent is not the appropriate party to respond to Mr. Bamesberger's claims challenging the computation of his sentence. On April 30, 2012, the DOC, through the Colorado Attorney General, filed a motion (ECF No. 6) seeking an extension of time to file a preliminary response and

stating that the DOC appears to be the proper party to respond to the habeas corpus application. On May 21, 2012, the DOC filed a preliminary response (ECF No. 9), although the caption of that document was incorrect. On May 22, 2012, the DOC filed an Amended Preliminary Response (ECF No. 10) arguing that the action should be dismissed for failure to exhaust and as time-barred.

Respondent has not filed either a preliminary response or a motion for substitution of party. Nevertheless, because it appears that the DOC is the proper party to respond to Mr. Bamesberger's claim challenging the computation of his sentence by the DOC, the Court will address the affirmative defenses raised by the DOC in the Amended Preliminary Response. Mr. Bamesberger has not filed a reply to the Amended Preliminary Response filed by the DOC despite being given an opportunity to do so.

The Court must construe the application liberally because Mr. Bamesberger is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

Mr. Bamesberger is challenging the computation of his sentence by the DOC. According to Mr. Bamesberger, he has not been awarded all of the earned time credits to which he is entitled and, if the proper credits are applied to his sentence, he is entitled to be released from custody immediately. However, the DOC is correct that Mr. Bamesberger may not challenge the computation of his sentence in federal court in a habeas corpus action unless he has exhausted state court remedies. *See Montez v.*

*McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner seeking habeas corpus relief in federal court bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The DOC specifically argues that Mr. Bamesberger has not exhausted state remedies because he has not initiated any action in the Colorado state courts

challenging the computation of his sentence.  The DOC notes that, although Mr. Bamesberger has attached to the application a copy of a "Writ of Habeas Corpus" that purportedly was filed in the El Paso County District Court on March 22, 2012 (*see* ECF No. 1 at 9-15), the "Writ of Habeas Corpus" bears a stamp that reads "FILE DATE CANCELLED"  Furthermore, according to the DOC, there is no record of such a filing in the Colorado State Court Data Access database; the Colorado Attorney General's Office has no record of service of such a pleading; and Mr. Bamesberger could not have exhausted all available state remedies in the short time since the "Writ of Habeas Corpus" purportedly was filed in the El Paso County District Court on March 22, 2012.

Mr. Bamesberger did not file a reply, and he has not responded to the argument that he has failed to exhaust state remedies.  Based on the stamp that indicates the filing date was cancelled, it does not appear that the "Writ of Habeas Corpus" properly was filed in the El Paso County District Court.  In addition, even if the "Writ of Habeas Corpus" properly was filed in the state district court, Mr. Bamesberger does not allege, and there is no indication in the application, that he has fairly presented his claim to the state's highest court.  As a result, the Court finds that Mr. Bamesberger fails to satisfy his burden of demonstrating he has exhausted all available state remedies for his claim in this action, and the instant action will be dismissed for failure to exhaust state remedies.  The Court will not address the DOC's alternative argument that this action is untimely because it is not clear when Mr. Bamesberger's claim arose.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed without prejudice for failure to exhaust state remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   20th   day of     June    , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court